UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X     For Online Publication Only
THE PHOENIX INSURANCE COMPANY,

**ORDER**
                                  Plaintiff,      17-CV-4765 (JMA) (ARL)

-against-

ANTHONY'S CUSTOM CLOSETS, INC.,

                                  Defendant.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Before the Court is plaintiff's motion for default judgment against defendant Anthony's Custom Closets ("Anthony's"), for $376,325.00 plus pre-judgment interest and court costs. For the reasons stated herein, plaintiff's motion is GRANTED and plaintiff is awarded a default judgment against defendant in the amount of $399,323.30.

## I.  DISCUSSION

**A.  Defendant Defaulted**

Defendant, who has not responded to the motion for default judgment, defaulted by failing to answer, move, appear, or defend in this action.

**B.  Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint are sufficient to establish defendant's liability for breach of contract under New York law.

## C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court finds that plaintiff's submissions, including the Affidavit of Michael Gauntlett in Support of Request for Default Judgment ("Gauntlett Aff.") (ECF No. 9-3) and the Travelers documents included as Exhibit A to that affidavit (ECF No. 9-4), establish the damages of $376,325.00 to a reasonable degree of certainty.

Plaintiff is also entitled to $542.52 in costs associated with this litigation.

## D. Interest

In its motion, plaintiff requests pre-judgment interest at the New York statutory rate of nine percent (9%) per annum. (Gauntlett Aff. at 2.) N.Y. C.P.L.R. § 5004 governs the pre-judgment interest rate in this case and provides for an interest rate of 9% per annum. N.Y. C.P.L.R. § 500. Because it is unclear on which date the breach occurred, the Court selects the date the complaint was filed in this action, August 15, 2017, as the date from which pre-judgment interest of nine percent (9%) per annum shall accrue. Accordingly, plaintiff is entitled to $22,455.78 in pre-judgment interest calculated through the date of this order.

2

## II. CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against defendant in the amount of $399,323.30 and to close this case.

**SO ORDERED.**

Dated: April 13, 2018
Central Islip, New York

               /s/ (JMA)
              JOAN M. AZRACK
              UNITED STATES DISTRICT JUDGE